MaddeN, Judge,
delivered the opinion of the court:
In April 1935, the plaintiff made a contract to build for the Government certain buildings and facilities in South Dakota. The plaintiff started the work, but on July 29,1935, was ordered by the Government to suspend operations because a Federal District Court had enjoined the continuance of the work for the reason that the Government had “failed to secure adequate property rights in the land upon which the work was to be done.” After forty days the plaintiff was given permission to proceed with the work. It then *183 took the plaintiff nine Says to reorganize the work and resume it. The interruption carried the work into the winter months when progress was slower, and it took eleven more days of actual working time to complete the work than it would have taken but for the interruption.
The Government offered no explanation of how it happened that it let the contract and caused the plaintiff to start work without having first obtained the title to the site. Unexplained, we must attribute the situation to negligence on the part of the Government. It is a breach of contract for the owner to negligently involve a contractor in the problems and delays of a litigation about the site of the work.
As to the amount of the damage which the plaintiff suffered, we have summarized the items in finding 8. The Government vigorously contests our allowance of a sum for main office overhead.
The report made in this case by a commissioner of this court contained a finding that it was not proved that any additional office overhead cost was incurred by reason of the suspension of the contract work and the delay in completion resulting therefrom. We have not included that finding, because we think it is immaterial. It would not be expected that a contractor would enlarge his main office staff and facilities at a time when one of his jobs was merely marking time. But unless his office was understaffed before the suspension, it too would, fro tanto, mark time during the suspension, unless the useful work which it would have been doing in regard to this job, if the job had not been suspended, had been replaced by extra work made necessary by the suspension. So the fact that no extra help was hired seems both natural and immaterial. If some employees had been laid off, that would have been material, since it would have enabled the contractor to pay the full staff which he would need during the extra time that the work was in process, because of the delay, with the money he had saved by laying off employees during the period of suspension.
But it is, ordinarily, not practicable to lay off main office employees during a short and indefinite period of delay such as occurred here. So the contractor, instead of saving *184 the salary of that proportion of his main office staff which is attributable to this contract, is obliged, in effect, to waste it, and to spend a similar amount at the end of the contract for the extra time made necessary by the delay. This waste is caused by the breach of contract, and it ought to be paid for by the party guilty of the breach.
We suppose that a contractor with certain facilities bids on new work when the completion of his present work approaches, and his facilities are about to become available. If, as in this case, the delay which postpones the completion of existing work occurs at the very beginning of that work it would be an invitation to the merest guess work to require the contractor to give evidence as to what he would have done next after this work was completed, if it had been completed at an earlier time when he knew it would not be completed. We think that the absence of this untrustworthy and speculative kind of evidence gives us no reason to suppose that a contractor’s equipment and organization remains, fro tanto, idle for an indefinite period after the completion of each job. We think that the Government, having breached its contract, has no right to say, in effect, that its breach shall go uncompensated unless the contractor proves, with precision, what is usually not susceptible of such proof. Brand Investment Co. v. United States, No. 44617, 102 C. Cls. 40. The Government urges that this conclusion in the Brand case was not consistent with that of the court in Coath & Goss v. United States, 101 C. Cls. 702. In the latter case there was delay in furnishing the architect’s drawings and models for certain portions of the work. These portions of the work were delayed, but the work was not entirely stopped, nor was its completion delayed by these delays in portions of it. In those circumstances it would have been difficult to attribute any part of the main office overhead to the defendant’s breach of contract and we did not do so.
The plaintiff may recover $1,361.29. It is so ordered.
Whitaker, Judge/ LittletoN, Judge; and Whalex, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.