**DELTA EQUIPMENT & CONSTRUCTION CO., Inc. v. UNITED STATES et al.**

**No. 49962.**

United States Court of Claims.

July 13, 1953.

Edward L. Koepenick, Washington, D. C., Landry & Landry, Baton Rouge, La., on the brief, for plaintiff.

John R. Franklin, Washington, D. C., Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

This case has heretofore been before the court on the intervenor's motion to dismiss, which motion was overruled and the case referred to a commissioner. 104 F.Supp. 549, 122 Ct.Cl. 340.

As a result of pretrial proceedings pursuant to Rule 29(a), and (b) and (c) of this court the parties have agreed upon the facts essential to a determination of the issues in the case and the court adopts them as follows:

■ During all times pertinent to this case, plaintiff, Delta Equipment & Construction Co., Inc. (hereinafter sometimes referred to as the contractor), was and now is a Louisiana corporation, with its principal office in the City of Baton Rouge, State of Louisiana, and was engaged in the business of doing certain types of construction and excavation work.

On April 8, 1949, plaintiff entered into a contract with the United States, acting through its Corps of Engineers, United States Army, in which it undertook to perform work in connection with a channel improvement project in the Parishes of Ouachita and Morehouse in the State of Louisiana. The contract called for the excavation by plaintiff of a drainage canal. Among the provisions in the specifications of said contract was the following:

"SC–13. Rights-of-Way. a. The lands, easements, and rights-of-way necessary for all the work under this contract will be provided by the Government without cost to the Contractor. The rights-of-way limits are shown on the drawing."

The contract was entered into following the furnishing of assurances to the Secretary of War that the Board of Levee Commissioners of the Tensas Basin Levee District, intervenors in this action, would faithfully perform and comply with all conditions of local cooperation required by the acts of Congress authorizing the improvements here concerned. These assurances included the assurance that the Board would provide without cost to the United States the lands, easements and rights-of-way necessary for the construction of the improvements, maintain all works after completion, and save and hold the United States harmless from any and all damages resulting from or occasioned by the construction, operation and maintenance of such improvements. The parties hereto agree that any damages awarded the plaintiff in this case are the liability of the Board of Levee Commissioners of the Tensas Basin Levee District, intervenor in this action, under the assurances heretofore noted.

Plaintiff received notice to proceed on June 11, 1949. On November 11, 1949, while only about seven days from the completion of the contract, plaintiff was forcibly prevented from further excavation by George Franklin, Sr., and George Franklin, Jr., who appeared on the scene armed with a revolver and a double-barreled shotgun and informed plaintiff's employees that they were the owners of the land on which they were excavating the drainage canal and that they had better stop operations on their property.

Plaintiff was thus halted in the performance of its work until a court order was obtained by the Board of Levee Commissioners of the Tensas Basin Levee District, which was the agent of the defendant in the procurement of the rights-of-way, which court order enjoined the Franklins from interfering with the progress of the work.

Immediately after the forcible work stoppage occurred, plaintiff requested that defendant relieve it of its obligation to perform the remaining work, but defendant's contracting officer insisted upon the immediate progress and completion of the contract.

As a result of the forcible work stoppage, plaintiff was unable to perform any work under the contract for a period of 39½ days between November 11, 1949, and December 27, 1949.

George Franklin, Sr., and George Franklin, Jr., for a long time prior to the execution of the contract and at all times subsequent thereto, had vigorously disputed the

right of the Levee Board to appropriate their land, contending that the project was unnecessary and the procedure improper, and had maintained that they, the Franklins, would carry the matter to the State courts if the Levee Board persisted.

After the Franklins' armed appearance upon the scene of the work, injunction proceedings were instituted against them by the Levee Board in the Louisiana State courts, which ultimately terminated in a decision by the Supreme Court of Louisiana in favor of the Levee Board.

Plaintiff was denied access to the contract work area for 39½ days. The damages sustained by it as a result of the Franklins' forcible work stoppage are itemized as follows:

| | | | |
|---|---|---:|---:|
| **1.** | **Labor and supervision for 39½ days:** | | |
| | Payrolls | $1,712.47 | |
| | Lindley | 1,128.52 | |
| | Workmen's Compensation, Insurance, etc. | 124.92 | |
| | | | $2,965.91 |
| **2.** | **Rental one 95 Northwest dragline, 3-yd. bucket and light plant, 39½ days** | | 9,297.31 |
| **3.** | A. Replacement dragline mats.. | 276.00 | |
| | B. Motor boat rentals | 70.00 | |
| | C. HDL4 tractor rentals | 292.72 | |
| | D. Tractor hauling charge | 27.02 | |
| | E. Reconditioning dragline | 321.65 | |
| | | | 987.39 |
| | | | 13,250.61 |

On the basis of these facts and for the reasons set out in the opinion of the court above referred to, Delta Equipment & Construction Co., Inc. v. U. S., 104 F.Supp. 549, 122 Ct.Cl. 340, defendant's motion is denied and plaintiff's motion is granted. Judgment will be entered for plaintiff in the amount agreed upon as the damages which it has suffered by reason of the delay in furnishing the rights-of-way for the excavation of a drainage canal in the State of Louisiana, to wit, $13,250.61.

Since the intervenor, the Board of Levee Commissioners of the Tensas Basin Levee District, State of Louisiana, contracted with the defendant to save and hold the United States harmless from any and all damages resulting from or occasioned by the construction of the project in question, the defendant will be given judgment over against such Board of Levee Commissioners for $13,250.61, the amount of damages agreed upon by the parties.

It is so ordered.

HOWELL, MADDEN, WHITAKER, and LITTLETON, Judges, concur.